IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INGRID HENDRIKA MARKS,<br><br>*Petitioner*,<br><br>v.<br><br>LEONARD ODDO,<br><br>*Respondent*. | Civil Action No. 3:26-cv-275<br><br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 3). Petitioner, a citizen of Netherlands, entered the United States in September of 2003 under the Visa Waiver Program. (ECF No. 7). She has been convicted several times of shoplifting or retail theft charges in New Jersey and Pennsylvania, which Respondent has detailed on pages two and three of his response. (*Id*. at 2-3). Two of Petitioner's criminal cases remain pending. On February 20, 2025, the Department of Homeland Security ("DHS") was notified that Petitioner had been arrested for retail theft and was at Monroe County, Pennsylvania, Prison. (ECF No. 7-1, p. 2). On March 12, 2025, DHS officers took Petitioner into custody as a Visa Waiver Overstay, and transferred her to Moshannon Valley Processing Center ("MVPC").[1] (*Id*. at 2, 4). From the Court, she seeks either immediate release from custody or a bond hearing. (ECF No. 3). The Court will deny her petition for the following reasons.

[1] On July 1, 2025, an immigration judge ("IA") held a hearing on the asylum claim of Petitioner, and denied her request for asylum. The IA denied withholding removal, and Petitioner had until July 31, 2025, to file an appeal. Petitioner timely appealed to the Board of Immigration ("BIA"), but she then failed to filed her appellate brief. (ECF Nos. 7-7, 7-8, and 7-9). As the BIA's review has not concluded, no final order of removal has been issued.

Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because she was arrested for and charged with shoplifting offenses in two different jurisdictions that are still pending. *See* 8 U.S.C. § 1126(c)(1)(E)(ii). The Laken Riley Act mandated that immigration authorities detain aliens, like Petitioner, who are inadmissible or removable from the United States and who have engaged in certain criminal activity. *See* Laken Riley Act, Pub. L. No. 119-1 § 2, 139 Stat. 3, 3 (2025). Section 1226(c) does not limit the length of the detention it authorizes during removal proceedings. *See Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018). The Supreme Court has held § 1226(c) is not facially unconstitutional. *Demore v. Kim*, 538 U.S. 510, 531 (2003). Immigrants detained under § 1226(c) may bring as-applied challenges to the constitutionality of their detentions. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020) (stating,"[w]hen detention becomes unreasonable, the Due Process Clause demands a hearing." *Id*. at 210 (cleaned up)). In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *Id*. at 211 (citations omitted).

The Court holds that Petitioner's detention pursuant to § 1226(c) without bond has not become unreasonable and does not violate due process. She has been in immigration detention for one year. Her immigration proceedings have moved forward at a normal rate, and it's the Court's understanding that she requested continuances of some proceedings. Petitioner has not provided good reason to believe that her immigration proceedings will be unduly prolonged given that her asylum claim was denied by the IA in July of 2025, and she failed to file her

appellate brief (it was due on February 2, 2026). Thus, it is likely the BIA will soon issue a final removal order.

Petitioner has not shown that her current conditions of confinement at MVPC are unduly punitive or otherwise quasi-criminal in nature. MVPC only houses immigration detainees. *See https://www.ice.gov/detain/detention-facilities/moshannon-valley-processing-center*. *See also https://www.geogroup.com/facilities/moshannon-valley-processing-center/*. Her detention there will terminate upon the conclusion of removal proceedings. The Court holds that Petitioner's ongoing detention serves the purpose for which § 1226(c) was enacted as it prevents her from engaging in further criminal activity that rendered her subject to § 1226(c). Further, detention protects against flight as Petitioner faces deportation from the United States.

AND NOW, this 11th day of March 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 3) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE